IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01092-RPM-MEH

SANDRA K. KLINGE,

    Plaintiff,

v.

TARGET CORPORATION, d/b/a SUPERTARGET,

    Defendant.

---

**ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD REQUEST FOR EXEMPLARY DAMAGES**

---

Before the Court is Plaintiff's Motion for Leave to Amend Complaint to Add Request for Exemplary Damages ("Motion to Amend") [filed September 17, 2008; docket #28]. The motion has been referred to this Court for disposition [docket #29]. The matter is briefed, and oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion to Amend.

**I.    Background**

According to the Complaint, on March 18, 2006, at approximately 3:30 p.m., Plaintiff Sandra Klinge entered the SuperTarget located at 400 Marshall Road, Superior, Colorado. Shopping carts were located inside the store. Plaintiff walked to the shopping cart well, pulled a shopping cart from the line, and got behind the cart to push it. Behind Plaintiff, a Target employee was using a remote controlled, motorized cart pusher to push the line of shopping carts into the store, causing the entire row to move forward abruptly and slam into Plaintiff from behind. Plaintiff alleges that, as a result of the impact, she suffered a broken rib and bodily injuries requiring two knee surgeries and surgical repair of a torn Achilles tendon. Plaintiff seeks repayment of her economic damages, including

medical expenses and lost wages, and non-economic damages for pain and suffering.

Plaintiff's Motion to Amend proposes to add allegations supporting a request for exemplary damages. Plaintiff supports her motion with Colo. Rev. Stat. § 13-21-102(1.5)(a), which prohibits the inclusion of a claim for punitive or exemplary damages in the initial claim for relief, and allows exemplary damages to be claimed by amendment only after the exchange of initial disclosures and after a plaintiff establishes "prima facie proof of a triable issue." Plaintiff contends discovery in this matter reveals that several customers have been hit by carts driven by a motorized cart pusher and that Defendant failed to warn or protect such customers, thereby satisfying the statutory requirement of prima facie proof of a triable issue.

In opposition, Defendant contends that Plaintiff's proposed allegations regarding Defendant's knowledge of a dangerous condition are the same as those alleged in the original complaint, and therefore, are moot. Also, Defendant claims that the *Jacobs* opinion on which Plaintiff relies is distinguishable in that *Jacobs* involved a premises condition as opposed to a person's conduct, and the *Jacobs* court found the defendant to be "conscious of its conduct and cognizant of existing conditions" to find liability for willful and wanton conduct. Defendant asserts that, since it has a policy prohibiting the conduct that resulted in Plaintiff's injury, Plaintiff's request for exemplary damages fails as a matter of law.

Plaintiff replies that Defendant's analysis is faulty because it centers on whether Plaintiff has evidence sufficient to justify an award of exemplary damages, as opposed to whether Plaintiff has established prima facie proof of a triable issue.

## II. Discussion

Under Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Once a responsive pleading is filed, a party may amend

its complaint only by leave of the court or by written consent of the adverse party. *See Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman,* 371 U.S. at 182.

In accordance with Colo. Rev. Stat. § 13-21-102(1.5)(a), it is the discovery process, not the initial complaint, that is anticipated to supply the requisite prima facie evidence. *Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007). Prima facie proof of a triable issue of exemplary damages is established by "a showing of a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution." *Id.; see also* Colo. Rev. Stat. § 13-25-127(2) ("[e]xemplary damages against the party against whom the claim is asserted shall only be awarded in a civil action when the party asserting the claim proves beyond a reasonable doubt the commission of a wrong under the circumstances set forth in section 13-21-102").

Pursuant to Colo. Rev. Stat. § 13-21-102(1)(a), the circumstances under which the wrongful act must have been committed include fraud, malice, or willful and wanton conduct. The statute defines "willful and wanton conduct" as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others." Colo. Rev. Stat. § 13-21-102(1)(b). The Colorado Supreme Court

has noted that "[w]here the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements" are met. *Coors v. Sec. Life of Denver Ins. Co.,* 112 P.3d 59, 66 (Colo. 2005).

At this early stage of the litigation, the Court is concerned only with whether the evidence, when viewed in the light most favorable to Plaintiff, is sufficient to make out a *prima facie* case of willful and wanton behavior for the purpose of amending her Complaint to seek exemplary damages, and not whether such evidence is sufficient to defeat summary judgment. *See American Econ. Ins. Co. v. William Schoolcraft, M.D., P.C.,* 2007 WL 160951, at *2 (D. Colo. Jan. 17, 2007) (unpublished decision); *see also Stamp*, 172 P.3d at 450 ("A plaintiff should have an opportunity to test the merits of any claim for relief that is supported by the underlying facts of the case").

Based upon Defendant's responses to Plaintiff's discovery requests, Plaintiff seeks to amend her complaint to add allegations that Defendant knew of other similar instances in which customers were injured as a result of the remote controlled motorized cart pusher, and that despite this knowledge, Defendant failed to correct or warn about a dangerous condition. Considering that this evidence must be viewed in the light most favorable to Plaintiff, and that leave to amend should be freely granted, the Court finds that at this point in the litigation, the evidence is sufficient to establish prima facie proof of a triable issue. The Court emphasizes that this Order does not address the merits of awarding exemplary damages in this case, but limits the Order to recognizing that the issue of exemplary damages may be properly included in the pleadings at this stage of the litigation.

## III. Conclusion

Accordingly, for the reasons stated, it is hereby ORDERED that the Plaintiff's Motion for Leave to Amend Complaint to Add Request for Exemplary Damages [filed September 17, 2008; docket #28] is **granted**. Plaintiff is directed to file the Amended Complaint found at docket #28-2

(Exhibit C) on or before **November 7, 2008**.  Defendant shall respond to the Amended Complaint in accordance with Fed. R. Civ. P. 15 and other applicable rules.

Dated this 31st day of October, 2008, in Denver, Colorado.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge